UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS BAKER,

    Plaintiff,

v.

OFFICER STEPHEN WROE ET AL.,

    Defendants.
_____/

Case No. 24-cv-10227

Hon. Sean F. Cox
United States District Court Judge

## OPINION & ORDER GRANTING DEFENDANTS WROE AND ZYROWKSI'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 16)

Plaintiff alleges that he was unlawfully seized by two police officers in violation of his Fourth Amendment rights and state law. The officers say that the pleadings show otherwise, and that they are entitled to judgment. The Court agrees with the officers.

### BACKGROUND

Plaintiff Louis Baker pleads as follows. On the evening of June 2, 2023, Defendant Officer Stephen Wroe stopped him for a traffic infraction even though he was "obey[ing] all traffic laws." (ECF No. 2, PageID.18). Baker complied with the stop and did not seem intoxicated, but Wroe "arrested/detained" him at the scene. (*Id.* at 19). Baker then participated in field sobriety tests—which Officer Wroe prematurely "abandoned parts of"—and those tests did not show that he was intoxicated. (*Id.*). Baker also blew a 0.00 on a breathalyzer test.

None of this was good enough for Officer Wroe. Wroe arrested Baker, booked him, and "demanded that [he] take a Chemical Test." (*Id.* at 20). Over Baker's objections, he was driven to a nearby hospital where his blood was drawn. His blood tested negative for any alcohol or

1

drugs. For her part, Defendant Officer Lauren Zyrowski impounded Baker's vehicle. No charges were ever filed against Baker.

Video footage recorded from Officer Wroe's bodycam and police vehicle paint a different picture than Baker's pleadings. The footage begins as Wroe pulls up behind Baker in a police car and Baker stops his car in the middle of the road. Wroe asks Baker to step outside his vehicle and Baker complies. Wroe then asks Baker whether he would undergo field sobriety tests. Baker agrees, but puts little effort into the tests and repeatedly questions why he was stopped. Officer Zyrowki arrives on the scene while Wroe is conducting the tests.

Baker becomes increasingly agitated over time. Baker tries to walk back to his car several times and Officer Wroe directs him to stay put. Baker also steps towards Wroe a few times. At one point Baker even shouts "Watchu gonna do? Take your belt off, take your gun off. Watchu wanna do? Man, get out of here, man." (Wroe Body Cam 1, at 16:54–59, Ex. 2, Mot. J. Pleadings). Baker does, however, blow a 0.00 on a breathalyzer test. Wroe ultimately tells Baker, "[Y]ou're placed under arrest for operating a vehicle under the influence of drugs because I believe you're on drugs," and cuffs him. (*Id.* at 24:35–43).

Baker now sues Officers Wroe and Zyrowski under section 1983 and state tort law.[1] The officers generally deny Baker's allegations and assert qualified immunity in their answers. The officers now move for judgment on the pleadings and attached Wroe's bodycam and dashcam footage to that motion.

The officers' motion for judgment on the pleadings been fully briefed and the Court now rules on it without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court grants the officers' motion.

---

[1] Baker also sues the hospital and nurses involved in the blood draw.

**STANDARD OF REVIEW**

In reviewing a motion for judgment on the pleadings, this Court "us[es] the same standard as for a motion to dismiss under Rule 12(b)(6)." *Warrior Sports, Inc. v. Nat'l Collegiate Athletics Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

**ANALYSIS**

The officers' motion presents three issues: (1) whether and to what extent the Court should consider the bodycam and dashcam footage; (2) whether the officers are entitled to qualified immunity from Baker's section 1983 claims; and (3) whether Baker's state-law claims survive. The Court shall consider the footage, the officers are entitled to qualified immunity, and Baker's state-law claims fail.

**I.      The Bodycam and Dashcam Footage**

"When reviewing a motion for judgment on the pleadings, [courts] generally may only review the pleadings, any attachments to those pleadings, and documents that are 'referred to in the complaint and [are] central to the plaintiff's claim' or are 'matters of public record.'" *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (second alteration in original) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

Here, the officers argue that the Court should consider Officer Wroe's bodycam and dashcam footage because it shows that Baker's claims are implausible. Baker, for his part, does not argue that the Court should stick to the pleadings. In fact, Baker individually addresses the officers' description of the footage in his response to their motion.

Because the parties agree that the Court should review the footage now, the Court shall do so. Further, the officers assert qualified immunity, which "is a complete defense to not just liability, but to litigating the suit itself." *Id.* And "early resolution" of qualified immunity is "central to the protection it offers." *Id.* The Court shall also reject Baker's pleadings to the extent that they conflict with the footage and accept the remainder as true.

## II. Baker's Section 1983 Claims

The officers argue that Baker's federal claims sound solely in the Fourth Amendment, and Baker offers no objection. Under this rubric, the officers contend that Baker challenges four interactions: (1) the initial stop; (2) his continued detention to conduct sobriety tests; (3) his arrest; and (4) the blood draw. Again, Baker does not disagree. Thus, the Court presumes that Baker challenges these four events under the Fourth Amendment.

To overcome the officers' qualified immunity defense, the bodycam and dashcam footage and Baker's pleadings (to the extent that the footage does not contradict them) must "plausibly allege facts showing that the" officers violated Baker's clearly-established Fourth Amendment rights. *Saalim*, 97 F.3d at 1003. As relevant here, the Fourth Amendment prohibits unreasonable seizures. U.S. Const. amend. IV.

The officers concede that they seized Baker when they stopped him, extended the stop to test his sobriety, arrested him, and drew his blood. But the officer say that these seizures were reasonable, and thus that they are entitled to qualified immunity for them. Baker offers no response with respect to the initial stop, the extension of that stop, and the blood draw. Thus, the Court shall enter judgment for the officers on those claims.

Baker does, however, address his unreasonable-arrest claim. Baker argues that the officers are not entitled to qualified immunity on that claim because his Fourth Amendment right

4

not to be arrested without probable cause was clearly established, and the officers did just that. The Court agrees with Baker's premise, *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) ("[I]t is well established that any arrest without probable cause violates the Fourth Amendment."), but not his conclusion.

"[F]or probable cause to exist, 'the facts and circumstances known to the officer' must be sufficient to lead a 'prudent man' to believe an offense has been committed." *Novak v. City of Parma*, 33 F.4th 296, 304 (6th Cir. 2022) (quoting *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007)). And "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Thus, the officers did not unreasonably seize Baker if they had probable cause to suspect that he committed *any* offense; not just driving while intoxicated. *See, e.g.*, *United States v. Dede*, 83 F. App'x 732, 737 (6th Cir. 2003).

The officers identify section 750.479 of the Michigan Compiled Laws. That statute makes it a crime to "obstruct" a police officer from "acting in the performance of his or her duties," including by "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Mich. Comp. Laws Ann. § 750.479(a)(1), (8)(a) (West 2004). Baker does not address this statute at all; he argues only that the officers lacked probable cause to believe that he was driving while intoxicated.

The bodycam and dashcam footage show that the officers are right. They show that Baker shouted at Officer Wroe and stepped towards him three times and that Baker twice began walking back to his car after Wroe had told him that he was not free to leave. Concluding that Baker had obstructed a police officer under these circumstances would have been prudent. Thus, the officers are entitled to qualified immunity from Baker's unreasonable-arrest claim.

5

**III.    Baker's State-Law Claims**

The officers raise a number of challenges to Baker's state-law claims, and Baker responds (in a footnote) as follows: "Plaintiff declines to specifically address the State Law Claims at this juncture." (ECF No. 19, PageID.324).  This statement is inadequate to meaningfully challenge the officers' motion for judgment on those claims.  And this statement seemingly concedes that Baker's state-law claims fail if the officers are entitled to qualified immunity on Baker's section 1983 claims.  Either way, the Court shall issue judgment for the officers on Baker's state-law claims.

### CONCLUSION & ORDER

Officers Wroe and Zyrowski are entitled to judgment on the pleadings.  Accordingly, it is **ORDERED** that Defendants' Wroe and Zyrowski's Motion for Judgment on the Pleadings (ECF No. 16) is **GRANTED**.

**IT IS SO ORDERED.**


Dated:  October 11, 2024                                s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge


I hereby certify that on October 11, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                        s/Jennifer McCoy
                                                        Case Manager