UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS BAKER,

    Plaintiff,

v.

STEPHEN WROE, LAUREN
ZYROWSKI, HANIA MAQBOOL,
DORIS TARAS, ERWIN ESPELETA,
and ASCENSION MACOMB
OAKLAND HOSPITAL,

    Defendants.

Case No. 2:24-cv-10227
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

_____/

## ORDER GRANTING IN PART DEFENDANT WROE'S MOTION FOR COSTS (ECF No. 29)

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983 and various state laws. (ECF No. 2, Amended Complaint). Plaintiff Louis Baker (Baker) has sued Police Officer Stephen Wroe (Wroe) for unlawfully detaining Baker during a routine traffic stop. (*Id.*). The other individual defendants are alleged to have drawn Baker's blood or supervised this action without Baker's consent at Ascension Macomb Oakland Hospital after Wroe brought him there. (*Id.*).

On September 6, 2024, the undersigned granted Wroe's unopposed motion to compel discovery regarding interrogatories and requests for production that

1

Baker had failed to respond to. (ECF No. 24). The undersigned instructed Wroe that if he wished to pursue an award of his reasonable expenses and/or attorney's fees in connection with preparation of the motion to compel, he may file a motion for relief including a sworn bill of costs and any supporting documentation by September 27, 2024. (*Id.*). Thus, Wroe filled the instant motion on that date (ECF No. 29), which has been referred to the undersigned (ECF No. 30). Baker responded to Wroe's motion (ECF No. 33), and Wroe has not filed a reply. For the reasons that follow, Wroe's motion is GRANTED IN PART; defense counsel will be awarded $1,384.50 in attorney fees.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, a "party or attorney" must pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees," unless one of three exceptions spelled out in the rule applies. The exceptions are if:

>  **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>  **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>  **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

"The starting point for determining the amount of reasonable attorney's fees is the 'lodestar' amount." *Trs. of Sheet Metal Workers Loc. 7 Zone 3 Health Fund v. Traverse Bay Roofing Co.*, No. CV 17-12573, 2018 WL 4906613, at *1 (E.D. Mich. July 10, 2018). "This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 565-66 (1986).

The court is not required to conduct an "accountant" level audit or engage in a "line-item review" of plaintiffs' counsel's billing records. *Howe v. City of Akron*, 705 F. App'x 376, 382-83 (6th Cir. 2017). "This Circuit has not articulated a clear requirement that when an across-the-board reduction to attorneys' fees is based on multiple factors, the court must specify how much of the reduction is attributable to each factor; nor do we do so today." *Id.* (internal quotation marks and citations omitted). District courts assessing fee requests "must simply [ ] do 'rough justice.' " *Id.* (quoting *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016)) (alteration in original). "This means that the court can rely on estimates based on its 'overall sense of a suit.' " *Husted*, 831 F.3d at 703 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

3

III. Discussion

A. Parties' Arguments

Neither party argues that an exception to Rule 37(a)(5)(A) applies, and the Court finds that no exception does. Further, neither side argues that something other than the "lodestar analysis" described above should govern the attorney fees. The dispute, therefore, is limited the reasonableness of (1) defense counsel's hours spent on the motion to compel, and (2) their billable rates.

According to defense counsel's bill of costs, attorney David Buress spent 3.3 hours preparing the motion, preparing the proposed order, and engaging in email correspondence related to same with plaintiff's counsel. (ECF No. 29-2, PageID.473). Attorney Kali Henderson spent 0.6 hours on the matter, reviewing and responding to correspondence from plaintiff's counsel regarding the late discovery and preparing a letter and proposed stipulation/order regarding same. (*Id.*).

Based on the 2023 Economics of Survey Results from the State Bar of Michigan (the Survey) (ECF No. 29-5), defense counsel argues that each attorney's hourly rate for the purposes of this motion should be calculated based on the 95th percentile amounts for their level of experience, size of firm, location of firm, and the subject matter of the case, for each attorney. *See* ECF No. 29, PageID.467-469. The mean of these values (which is used to find the lodestar figure) is

4

$580.29 for Mr. Burress and $597.75 for Ms. Henderson, equating to $2,273.61 for total attorney fees.

Plaintiff's counsel argues that they delay in responding to Wroe's discovery requests was based on an inability to locate his client, Baker, and that once contact with Baker was reestablished, counsel responded to Wroe's requests the next day. (ECF No. 33). Counsel also says that he responded to the discovery requests within the time for, and in lieu of, a response to the motion to compel. (*Id.*).

As for the amount requested, plaintiff's counsel says that the motion to compel reasonably would have been a "cut-and-paste" filing that should not have taken attorneys with defense counsel's expertise more than two hours to complete and file. Further, plaintiff's counsel argues that rather than applying defense counsel's requested billing rates, applying the $333 per hour amount in the Survey for the mean billing rate for a three-person attorney is more reasonable. *See* ECF No. 29-5, PageID.485. This time and rate would equate to $666 in attorney fees.

B. Analysis

In determining the reasonable attorney fee rate, the Sixth Circuit has identified twelve, non-exhaustive factors, none of which are dispositive, to determine the reasonable rate, along with the hours worked:

   1) Time and labor required;
   2) The novelty and difficulty of the questioned presented;

5

3) The skill needed to perform the legal service properly;

4) The preclusion of employment by the attorney due to acceptance of the case;

5) The customary fee;

6) Whether the fee is fixed or contingent;

7) The time and limitations imposed by the client or the circumstances;

8) The amount involved and the results obtained;

9) The experience, reputation, and ability of the attorneys;

10) The "undesirability of the case";

11) The nature and length of the professional relationship with the client; and

12) Awards in "similar cases"

*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). These factors permit the court to make upward or downward adjustments to the hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Defense counsel concentrates on the experience, reputation, and ability of the attorneys involved to justify an upward adjustment, applying the 95th percentile rates from the Survey to come to their total figure. They admit that the average local market rate for a civil rights litigator at a firm of three attorneys in Oakland County is $355.00 per hour. (ECF No. 29, PageID.465-466).

Plaintiff's counsel argues that the twelve factors above do not justify an upward adjustment in attorney fees because of the simplicity of the motion and

lack of complex or novel legal questions involved. The Court agrees. The Court accepts that Mr. Burress and Ms. Henderson are accomplished and experienced local attorneys, but based on the nature of the motion, billing rates nearing $600 per hour would not be reasonable here. However, the Court accepts that Mr. Burress and Ms. Henderson spent a total of 3.9 hours on the matter and that these hours are reasonable.

The most reasonable billing rate to apply for this motion is the $355 figure, representing the average local market rate for a civil rights litigator at a firm of three attorneys in Oakland County. Multiplying this number by 3.9 hours equates to $1,384.50. Therefore, Wroe's motion for attorney fees is granted in part, and defense counsel is entitled to $1,384.50 in attorney fees.

SO ORDERED.

Dated: October 22, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 22, 2024.

s/Kristen Castaneda  
KRISTEN CASTANEDA  
Case Manager